EVELYN MAYNELL *vs.* INHABITANTS OF SULLIVAN.

Hancock.   Decided December 19, 1877.

*New trial.*

A verdict will not be set aside, on the ground that it is against evidence, unless it is clearly so.

A new trial will not be granted, on the ground of newly discovered evidence, unless due diligence was used to discover the evidence before the trial.

A new trial will not be granted, upon the ground that the party moving for it was taken by surprise at his adversary's evidence, unless due diligence was used to guard against the surprise; nor unless relief was sought at the earliest opportunity.

*Thus,* if a party is taken by surprise at his adversary's evidence, his first duty is to move for a postponement or continuance; and if, instead of this, he elects to let the case go to the jury, and thus takes the chance of a verdict in his favor, he cannot afterward make the surprise the ground for a new trial.

ON MOTION of the plaintiff to set aside the verdict, which was for the defendants, as against evidence, also on motion for a new trial on the grounds of surprise at the trial, and of newly discovered evidence.

CASE for injury from defective highway, Sunday, May 28, 1871. The way was a bridge by Smith's carding mill in defendant town. The alleged defect was that the planking of the bridge was some four or five inches higher than the level of the earth in the road. The writ alleges that by reason of the defect, the wheels struck against the end of the plank and the plaintiff was thrown violently forward upon the bridge striking with great force upon her head, whereby she was rendered insensible for several hours, and badly

bruised, and injured externally and internally. There was also an allegation, that the plaintiff while passing over the road on Sunday, was engaged in a work of necessity and charity. The evidence on that point was that she was a wife and mother, deserted by her husband, and was conveying her child, four years of age, from Steuben to Sullivan to her husband's father for support; that she was dependent upon her uncle, who drove the team, for means of conveyance, and he was unable or unwilling to go on any other day.

There was evidence at the trial tending to show that the condition of the planking was as set out in the writ. There was evidence on the part of the defense quite to the contrary, that the planks were beveled off as much as ten inches, beveled to a shim.

The verdict at the April term, 1873, was for the defendants, when the plaintiff filed a motion to set it aside as against law, evidence, and the weight of evidence.

At the April term, 1876, the plaintiff filed a motion for a new trial, on the ground of newly discovered evidence. The motion states that the jury, through their foreman, in reply to a question put them by the presiding justice, whether "the Sunday law stood in the way" said "that they had no trouble about that, but found that there was no defect in the highway or bridge." The motion also states that the plaintiff's counsel, in August, 1873, in passing over the bridge in question, discovered the planking was not beveled near as much as the defendant's witnesses testified; that the planking was the same that was on the bridge at the time of the hurt; that he took careful measurements in presence of one of the witnesses who testified most strongly for the defendants on that point, and that the witness acknowledged that he and others who testified for the town were mistaken.

*W. Freeman, jr.,* for the plaintiff.

*A. Wiswell,* for the defendants.

WALTON, J. This is an action to recover damages claimed to have been received through a defect in one of the highways in the town of Sullivan. The jury returned a verdict in favor of the town. The plaintiff moves for a new trial upon three distinct

grounds; first, because the verdict is against evidence; second, upon the ground of newly discovered evidence; third, because the testimony of some of the defendants' witnesses was false in relation to a material fact, and took her by surprise.

It is settled law that a verdict will not be set aside, on the ground that it is against evidence, unless it is clearly so.

It is equally well settled that a new trial will not be granted, on the ground of newly discovered evidence, unless due diligence was used to discover the evidence before the trial.

It is also a well settled rule of practice that a new trial will not be granted, upon the ground that the party moving for it was taken by surprise at his adversary's evidence, unless due diligence was used to guard against the surprise; nor unless relief was sought at the earliest opportunity. If a party is unexpectedly met by testimony which is false, and the testimony relates to a matter, the truth of which can be readily ascertained, if sufficient time is had, his first duty is to move for a postponement of the trial, or a continuance of the cause; and if, instead of doing this, he voluntarily elects to let the case go to the jury, and thus takes the chance of a verdict in his favor, he cannot afterward make the surprise the ground for obtaining a new trial.

A careful examination fails to satisfy us that the verdict in this case is clearly against the weight of evidence. On the contrary we think it fairly preponderates in favor of the verdict.

Nor are we satisfied that the evidence, which it is claimed has been discovered for the first time since the trial, might not have been ascertained, by the use of reasonable diligence before the trial. It relates to the condition of the planking upon the bridge where the plaintiff was injured; and especially to the length of the bevel or champer upon the ends of the planks. As the planks had been in substantially the same condition for a long time before the accident, and so remained at the time of the trial, no reason is perceived why the plaintiff could not have produced at the trial a sufficient number of witnesses to show what the actual condition of the planking, at the time of the accident, was, and with as much certainty as human testimony could establish any fact.

And if she was taken by surprise by the testimony of the

defendants' witnesses upon that point, she should have moved at once for a postponement of the trial, or a continuance of the cause, to enable her to procure witnesses to contradict them. Not having done so, she is estopped to allege surprise as the ground of a new trial. Having voluntarily elected to take the chances of a verdict in her favor with such evidence, she must abide by the result.

*Motions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., DANFORTH, PETERS and LIBBEY, JJ., concurred.